IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

Louis Wolkenstein                    :

    Plaintiff,                       : Case No. 3:16-CV-2036

    v.                               :(Judge Richard P. Conaboy)

Synchrony Bank                       :

    Defendant.                       :

_____

Memorandum

    We consider here Defendant Synchrony Bank's Motion to Stay (Doc. 7) this case pending the decision of the District of Columbia Court of Appeals in the case of ACA International v. Federal Communications Commission (15-CV-1211, D.C. Circuit, July 13, 2015).  The Defendant contends that this case will clarify the FCC's definitions of "capacity" and "automatic telephone dialing system" ("ATDS"), in the context of the Telephone Consumer Protection Act ("TPCA").[1]  The FCC's current definition of an ATDS is set forth in its rule-making publication entitled "In re Rules and Regulations Implementing the Telephone Consumer Protection Act of 1991" published July 10, 2015, hereinafter the "Order".

    The Order's avowed purpose may be gleaned from the FCC's own description:

---

[1] The statutory definition of an ATDS is "...equipment which has the capacity- - (a) to store or produce telephone numbers to be called using a random or sequential number generator; and (B) to dial such numbers." See TCPA, 47 U.S.C. Section 227.

1

Month after month, unwanted robocalls and texts, both telemarketing and informational, top the list of consumer complaints received by the Commission. The Telephone Consumer Protection Act (TCPA) and our rules empower consumers to decide which robocalls and text messages they receive, with heightened protection to wireless consumers, for whom robocalls can be costly and particularly intrusive.  Beyond protecting consumers, federal law and our rules protect Public Safety Answering Points from robocalls that can tie up critical first responder resources.  With this Declaratory Ruling and Order, we act to preserve consumers' rights to stop unwanted robocalls, including both voice calls and texts, and thus respond to the many who have let us, other federal agencies, and states know about their frustration with robocalls.  (Reference to footnotes omitted).

See Order at page 4 as cited at Doc. 9, Exhibit B.
The term "robocalls" includes calls made with an automatic telephone dialing system or by pre-recorded artificial voice. Id.

This case turns on the question whether a system that

2

does not have the "present ability" to dial random and sequential numbers is still an "ATDS", and hence subject to liability under the TCPA's enforcement provisions, if it would have the "capacity", after modification, to do so.  The Order determined that calls made from a system having the capacity to function as an ATDS are actionable even though the system involved lacked the present ability to do so automatically.

Defendant's motion is premised: (1) on its representation that its calling system lacks the present ability to dial randomly or sequentially and (2) its assertion that the FCC exceeded its rule-making authority when crafting the Order to subsume within the definition of ATDS some systems that lack the present ability to automatically dial calls randomly or sequentially.  Defendant has supplied this Court with ACA International's Amended Petition for Review of the Order in the D.C. Circuit.  Having read the petition for review, the Court must agree that the question raised by ACA International in its petition for review has direct bearing on the ultimate decision in this case.

Plaintiff argues that a stay is inappropriate because: (1) the Defendant has not taken the position that its telephone system "lacks the present capacity to dial telephone numbers without human intervention" and (2) the portion of the FCC's Order challenged in ACA, supra, is unlikely to come into

3

play in this case.  (Doc. 10 at 3).  Having read the petition
for review in ACA and the pleadings and briefs filed by the
parties in this case, the Court cannot agree.  Defendant's
Answer specifically denies Plaintiff's allegation that
Defendant used an ATDS when calling him.[2]  (Doc. 6 at P¶ 13).
By reason of this denial, the question of what Congress meant
by the phrase "automatic telephone dialing system", a primary
focus of ACA, supra, is integral to this case.  Clearly, a
fundamental hurdle in any TCPA case is proof that the
Defendant used an ATDS.  Because the ACA decision will assess
what exactly constitutes an ATDS, a subject pivotal to this
case, and because there is no direct guidance from any other
circuit on this question at this time, we deem it prudent to
await the decision of the D.C. Circuit before requiring the
parties to expend additional effort and expense in this
matter.

     A district court enjoys broad discretion to stay
proceedings incident to its inherent power to control its own
docket.  Clinton v. Jones, 520 U.S. 681, 706 (1997).  Even so,
in the process of exercising that discretion, a district court
must weigh four factors: (1) the length of the requested stay;

---

[2] Also, Plaintiff's Reply Brief includes as an exhibit the affidavit of Tim Ware, the Outbound Call Technology Manager at Synchrony Bank.  The Ware Affidavit (Doc. 11-1) specifically states that Synchrony's dialing system does not have the present capacity to store or produce telephone numbers using an autodialer.

(2) the "hardship or inequity" that the movant will suffer absent a stay; (3) any injury the stay will inflict on the non-movant; and (4) whether a stay will simplify issues and promote judicial economy.  See Rajput v. Synchrony Bank, 2016 WL 6433134 at 2 (M.D. Pa. October 31, 2016)(citing numerous other cases in the Middle District of Pennsylvania).  Having reviewed the parties' pleadings and briefs along with other documents provided by the Defendant, the Court concludes that all four elements of the aforementioned test weigh in favor of staying this matter pending the decision of the District of Columbia Court of Appeals in ACA v. Synchrony Bank.  An Order consistent with this determination will be filed contemporaneously.


BY THE COURT



                                  S/Richard P. Conaboy
                                  Honorable Richard P. Conaboy
                                  United States District Court


Dated: March 22, 2017